ARNOLD *v.* STATE.

Opinion delivered March 9, 1931.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

BUTLER, J.    This case is here on appeal from conviction on the charge of possessing liquor for sale. The appellant has filed no brief, but it is suggested in the abstract and brief filed by the appellee that the grounds assigned are that the verdict of the jury was not supported by sufficient legal testimony, that it was error not to quash the information because the prosecution was for an alleged violation of a city ordinance, that the State was not a proper party, and that the court erred in the admission of testimony regarding previous raids on defendant's premises and the search of same.

The evidence, about which there is no dispute, tended to establish the fact that upon search of defendant's premises eighteen gallons of whiskey were found, and that at other times the officers had found on his premises beer in his ice box, a lot of empty bottles and a plain trail leading from defendant's back door to a vacant house nearby in which was found from one to two hundred bottles of home-brew and two gallon jars of the brew in process of fermentation; that there was no other trail except that from defendant's back door to this vacant house; that on another occasion one of the police officers of the city of Hot Springs found from eight to a dozen bottles of home-brew at the home of defendant and met a drunken man coming out of defendant's house. The defendant did not testify in the case. The evidence, while circumstantial, was sufficient to go to the jury, and the weight of such evidence was a question for their determination.

The refusal to quash was not error as defendant was charged with violation of a State law which is found in Acts 1925, p. 363, § 1. We have held that where the defendant is charged with transporting liquor in violation of a city ordinance, and where from a conviction in the mayor's court on appeal to the circuit court it is found that he is not guilty of violating a city ordinance but of a violation of the State law against the transportation of liquor, on a verdict of guilty judgment is properly rendered.

We have many times decided that testimony relative to the search of the premises of one charged with the violation of the liquor law and the finding of liquor or vessels that have contained liquor were properly admitted as tending to shed light on the truth or falsity of the charge for which the defendant was tried. The rulings of the trial court as disclosed by the record, which we have examined, were perhaps more favorable to the defendant than he deserved, but the penalty for the offense charged is found in Acts 1925, p. 363, § 2, which is a fine in any sum not more than $1,000 nor less than $50. The court, therefore, erred in its instruction to the jury relative to the amount of punishment they might fix upon conviction, and in its judgment based upon such verdict which was for a fine of $200 and imprisonment in the county jail for a period of thirty days.

The judgment of the trial court will therefore be modified by eliminating that part of it which provides for imprisonment in the county jail for thirty days, and as modified will be affirmed. It is so ordered.